IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MSW CONSULTING, INC.,               §
    Plaintiff,                        §
                                      §
v.                                  §      CIVIL ACTION NO. H-08-3030
                                      §
NOBLE ENTERTAINMENT, LLC and §
DANIEL R. SAUSEDA,                  §
    Defendants.                       §

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion for Summary Judgment ("Motion") [Doc. # 18] as to Defendant Daniel R. Sauseda.[1]  Defendant Sauseda neither filed a response to the Motion nor requested additional time to do so.  Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition.  *See* S.D. TEX. R. 7.3, 7.4.  However, when a party fails to respond to a Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *See Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).  Having reviewed the full record and applied governing legal authorities, the Court **grants** Plaintiff's Motion.

---

[1]    The Court previously entered Default Judgment against Defendant Noble Entertainment, LLC.  *See* Order [Doc. # 20].

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

Plaintiff seeks to recover on a promissory note for $100,000.00 signed by Sauceda as principal of Defendant Noble Entertainment, LLC ("Noble"). Sauseda, by failing to respond to Plaintiff's First Request of Admissions, is deemed to have admitted that he has defaulted on the promissory note and that judgment may be entered for the unpaid amount, together with costs and attorneys' fees. Sauseda is also deemed to have admitted that he made false representations to Plaintiff in order to obtain the loan represented by the promissory note.

Based on Sauseda's admissions, there are no genuine issues of material fact and Plaintiff is entitled to judgment for the unpaid $100,000.00, plus costs and attorneys' fees.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment as to Defendant Daniel R. Sauseda [Doc. # 18] is **GRANTED**.  Judgment is entered in favor of Plaintiff against Defendant Daniel R. Sauseda and Defendant Sauseda is jointly and severally liable with Defendant Noble Entertainment, LLC, for the judgment entered in the Order [Doc. # 20] entered October 5, 2009.  The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **13**[th] day of **October, 2009**.